## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLADYS MENDOZA, PERSONAL REPRESENTATIVE OF ELIAS MENDOZA<br>9401 Roberts Drive, Apartment 23A<br>Sandy Springs, GA   30350 | CIVIL ACTION NO. |
| vs. | |
| INSPIRA MEDICAL CENTER VINELAND<br>1505 West Sherman<br>Vineland, NJ   08360<br>    and<br>SOUTH JERSEY HEALTH CARE<br>1430 W. Sherman Avenue<br>Vineland, NJ   08360<br>    and<br>INSPIRA HEALTH NETWORK, INC.<br>165 Bridgeton Pike<br>Mullica Hill, NJ   08062<br>    and<br>ANDREW ZINN, M.D.<br>Cumberland Professional Campus<br>1051 W. Sherman Avenue, Suite 3-A<br>Vineland, NJ   08360<br>    and<br>THE HEART HOUSE<br>Cumberland Professional Campus<br>1051 W. Sherman Avenue, Suite 3-A<br>Vineland, NJ   08360<br>    and<br>NAEEM M. AMIN, M.D.<br>1450 E. Chestnut Avenue, Bldg 2, Suite C<br>Vineland, NJ   08360<br>    and<br>KIDNEY AND HYPERTENSION SPECIALISTS, P.A.<br>1450 E. Chestnut Avenue, Bldg 2, Suite C<br>Vineland, NJ   08360 | JURY TRIAL DEMANDED |

### COMPLAINT AND DEMAND FOR JURY TRIAL

1.      Jurisdiction in this action is based on diversity of citizenship in that plaintiff, Gladys Mendoza, personal representative of Elias Mendoza, is a citizen of the State of Georgia and the defendants have their principal place of business and registered office located in the State of New Jersey and are citizen's thereof.

2.      Defendant, Inspira Medical Center Vineland, is a business entity duly organized under the laws of the State of New Jersey with a principal place of business as listed above; and engages in the business of providing health care and services to the public.

3. Defendant, South Jersey Health Care, is a business entity duly organized under the laws of the State of New Jersey with a principal place of business as listed above; and engages in the business of providing health care and services to the public.

4. Defendant, Inspira Health Network, Inc., is a business entity duly organized under the laws of the State of New Jersey with a principal place of business as listed above; and engages in the business of providing health care and services to the public.

5. Defendant, Andrew Zinn, M.D., is a Cardiologist, employed at defendant, The Heart House, with his principal place of business located in the State of New Jersey and is a citizen thereof and engages in the business of providing health care and services to the public.

6. Defendant, Naeem M. Amin, M.D., is a Nephrologist, employed at defendant, Kidney and Hypertension Specialists, P.A. with his principal place of business located in the State of New Jersey and is a citizen thereof and engages in the business of providing health care and services to the public.

7. Plaintiff, Gladys Mendoza, personal representative of Elias Mendoza, is an individual and is sui juris and resident of the State of Georgia.

8. Jurisdiction is based on Diversity of Citizenship and on the fact that the value of plaintiffs' claim is greater than $75,000.00.

**COUNT I:   GLADYS MENDOZA, PERSONAL REPRESENTATIVE OF ELIS MENDOZA VS. INSPIRA MEDICAL CENTER VINELAND, SOUTH JERSEY HEALTH CARE, INSPIRA HEALTH NETWORK, INC.**

9. On or about March 10, 2014, decedent-plaintiff presented himself to the Emergency Room at Inspira Medical Center Vineland for shortness of breath and was subsequently admitted into the Intensive Care Unit.

10. While plaintiff was a patient of the defendants, Inspira Medical Center Vineland, South Jersey Health Care and Inspira Health Network, Inc., decedent underwent a cardiology consultation performed by defendant, Andrew Zinn, M.D. and a nephrology consultation performed by defendant, Naeem M. Amin, M.D.

11. Decedent was negligently treated, resulting in brain damage, inability to ambulate, as well as damage to his heart, so as to cause plaintiff to suffer severe and debilitating pain and to further suffer complications, injuries and conditions which have caused her a great deal of physical and emotional pain which ultimately resulted in his death on February 23, 2015.

12. During the time aforesaid, Defendants, Inspira Medical Center Vineland, South Jersey Health Care, Inspira Health Network, Inc., Andrew Zinn, M.D., and Naeem M. Amin, M.D., acted in a negligent manner and provided care to the Plaintiff which fell below the standard required of medical providers providing the aforesaid procedures and follow-up care.

13. As a result of the negligence, carelessness and omissions of defendants, decedent plaintiff suffered as a result of the acts of the defendants by and through their agents, servants, workmen and/or employees are as follows:

(a) failing to properly, fully and adequately treat decedent, Elias Mendoza, for the conditions for which medical attention was sought;

(b) failing to properly, carefully and timely use and perform on the decedent, Elias

Mendoza, proper training, tests, preventative measures, medications, examinations, medicines, medical treatments and/or surgical procedures;

   (c) failing to use the required amount of skill in the performance and administration of said tests, medications, examinations, medicines, medical treatments and/or surgical procedures;

   (d) failing to adequately, properly and/or timely diagnose the condition of the decedent, Elias Mendoza;

   (e) improperly diagnosing the condition of decedent, Elias Mendoza;

   (f) performing unnecessary, incorrect and/or improper procedures, dental, medical and/or surgical, upon the person of the decedent, Elias Mendoza;

   (g) failing to perform the requisite tests and procedures to correctly diagnose the condition of the decedent, Elias Mendoza;

   (h) failing to properly and/or timely prescribe or supply medication and/or medical attention to the decedent, Elias Mendoza;

   (i) failing to properly advise and warn decedent, Elias Mendoza, of the condition from which said decedent suffered;

   (j) failing to properly advise and warn decedent, Elias Mendoza, of the condition or conditions which plaintiff might develop and did develop which defendants knew or should have known would or might have taken place;

   (k) failing to exercise the proper skill, diligence, due care and caution under all of the circumstances;

   (l) failing to direct and require the attention, advice and installation to qualified and competent specialists to undertake and perform surgery and/or administer medical care upon the decedent, Elias Mendoza;

   (m) being otherwise negligent under the circumstances; and thereby subjecting decedent, Elias Mendoza, to a substantially increased risk of harm;

   (n) failing to properly provide decedent, Elias Mendoza, with dialysis;

   (o) failing to properly monitor the condition of decedent, Elias Mendoza, to prevent him from developing hypoxia.

  14. Due to the conduct or failure to act on the part of Defendants as aforesaid, Plaintiff's Decedent has left the following individual entitled to recovery for his death:
GLADYS MENDOZA

  15. Said individual, by reason of the death of Plaintiff Decedent, have suffered fiduciary loss and other expenses of administration of the Estate.

  16. The then surviving spouse has suffered the loss of Decedent's companionship, comfort, and society.

  17. Plaintiff is entitled to recover, in addition to other damages, amounts for reasonable hospital, nursing, medical, and funeral expenses, and expenses of administration necessitated by reason of the conduct, omission to act, causing death.

18. Defendant's actions were willful, waton and reckless with disregard and indifference to decedent.

WHEREFORE, Plaintiff, Gladys Mendoza, personal representative of Elias Mendoza, demands judgment for damages against the defendants in amounts in excess of $75,000.00.

**COUNT II:   GLADYS MENDOZA, PERSONAL REPRESENTATIVE OF ELIS MENDOZA VS. ANDREW ZINN, M.D.**

19. Plaintiff herewith repeats all the allegations made in the previous paragraphs as though same were fully set forth herein at length.

20. While plaintiff was a patient of the defendants, Inspira Medical Center Vineland, South Jersey Health Care and Inspira Health Network, Inc., decedent underwent a cardiology consultation performed by defendant, Andrew Zinn, M.D.

21. Decedent was negligently treated, resulting in brain damage, inability to ambulate, as well as damage to his heart, so as to cause plaintiff to suffer severe and debilitating pain and to further suffer complications, injuries and conditions which have caused her a great deal of physical and emotional pain which ultimately resulted in his death on February 23, 2015.

22. During the time aforesaid, Defendant, Andrew Zinn, M.D. acted in a negligent manner and provided care to the Plaintiff which fell below the standard required of medical providers providing the aforesaid procedures and follow-up care.

23. As a result of the negligence, carelessness and omissions of defendant, Andrew Zinn, M.D., decedent plaintiff suffered as a result of, the acts of the defendant by and through his agents, servants, workmen and/or employees are as follows:

(a) failing to properly, fully and adequately treat decedent, Elias Mendoza, for the conditions for which medical attention was sought;

(b) failing to properly, carefully and timely use and perform on the decedent, Elias Mendoza, proper training, tests, preventative measures, medications, examinations, medicines, medical treatments and/or surgical procedures;

(c) failing to use the required amount of skill in the performance and administration of said tests, medications, examinations, medicines, medical treatments and/or surgical procedures;

(d) failing to adequately, properly and/or timely diagnose the condition of the decedent, Elias Mendoza;

(e) improperly diagnosing the condition of decedent, Elias Mendoza;

(f) performing unnecessary, incorrect and/or improper procedures, dental, medical and/or surgical, upon the person of the decedent, Elias Mendoza;

(g) failing to perform the requisite tests and procedures to correctly diagnose the condition of the decedent, Elias Mendoza;

(h) failing to properly and/or timely prescribe or supply medication and/or medical attention to the decedent, Elias Mendoza;

(i) failing to properly advise and warn decedent, Elias Mendoza, of the condition

from which said decedent suffered;

      (j)    failing to properly advise and warn decedent, Elias Mendoza, of the condition or conditions which plaintiff might develop and did develop which defendants knew or should have known would or might have taken place;

      (k)    failing to exercise the proper skill, diligence, due care and caution under all of the circumstances;

      (l)    failing to direct and require the attention, advice and installation to qualified and competent specialists to undertake and perform surgery and/or administer medical care upon the decedent, Elias Mendoza;

      (m)    being otherwise negligent under the circumstances; and thereby subjecting decedent, Elias Mendoza, to a substantially increased risk of harm;

      (n)    failing to properly provide decedent, Elias Mendoza, with dialysis;

      (o)    failing to properly monitor the condition of decedent, Elias Mendoza, to prevent him from developing hypoxia.

24. Due to the conduct or failure to act on the part of Defendant as aforesaid, Plaintiff's Decedent has left the following individual entitled to recovery for his death:
GLADYS MENDOZA

25. Said individual, by reason of the death of Plaintiff Decedent, have suffered fiduciary loss and other expenses of administration of the Estate.

26. The then surviving spouse has suffered the loss of Decedent's companionship, comfort, and society.

27. Plaintiff is entitled to recover, in addition to other damages, amounts for reasonable hospital, nursing, medical, and funeral expenses, and expenses of administration necessitated by reason of the conduct, omission to act, causing death.

28. Defendant's actions were willful, waton and reckless with disregard and indifference to decedent.

WHEREFORE, Plaintiff, Gladys Mendoza, personal representative of Elias Mendoza, demands judgment for damages against the defendant in amounts in excess of $75,000.00.

**COUNT III:   GLADYS MENDOZA, PERSONAL REPRESENTATIVE OF ELIAS MENDOZA VS. NAEEM M. AMIN, M.D.**

29. Plaintiff herewith repeats all the allegations made in the previous paragraphs as though same were fully set forth herein at length.

30. While plaintiff was a patient of the defendants, Inspira Medical Center Vineland, South Jersey Health Care and Inspira Health Network, Inc., decedent underwent a neprology consultation performed by defendant, Naeem M. Amin, M.D.

31. Decedent was negligently treated, resulting in brain damage, inability to ambulate, as well as damage to his heart, so as to cause plaintiff to suffer severe and debilitating pain and to further suffer complications, injuries and conditions which have caused her a great deal of physical and

emotional pain which ultimately resulted in his death on February 23, 2015.

      32.    During the time aforesaid, Defendant, Naeem M. Amin, M.D., acted in a negligent manner and provided care to the Plaintiff which fell below the standard required of medical providers providing the aforesaid procedures and follow-up care.

      33.    As a result of the negligence, carelessness and omissions of defendant, Naeem M. Amin, M.D., decedent plaintiff suffered as a result of, the acts of the defendant by and through his agents, servants, workmen and/or employees are as follows:

    (a)    failing to properly, fully and adequately treat decedent, Elias Mendoza, for the conditions for which medical attention was sought;

    (b)    failing to properly, carefully and timely use and perform on the decedent, Elias Mendoza, proper training, tests, preventative measures, medications, examinations, medicines, medical treatments and/or surgical procedures;

    (c)    failing to use the required amount of skill in the performance and administration of said tests, medications, examinations, medicines, medical treatments and/or surgical procedures;

    (d)    failing to adequately, properly and/or timely diagnose the condition of the decedent, Elias Mendoza;

    (e)    improperly diagnosing the condition of decedent, Elias Mendoza;

    (f)    performing unnecessary, incorrect and/or improper procedures, dental, medical and/or surgical, upon the person of the decedent, Elias Mendoza;

    (g)    failing to perform the requisite tests and procedures to correctly diagnose the condition of the decedent, Elias Mendoza;

    (h)    failing to properly and/or timely prescribe or supply medication and/or medical attention to the decedent, Elias Mendoza;

    (i)    failing to properly advise and warn decedent, Elias Mendoza, of the condition from which said decedent suffered;

    (j)    failing to properly advise and warn decedent, Elias Mendoza, of the condition or conditions which plaintiff might develop and did develop which defendants knew or should have known would or might have taken place;

    (k)    failing to exercise the proper skill, diligence, due care and caution under all of the circumstances;

    (l)    failing to direct and require the attention, advice and installation to qualified and competent specialists to undertake and perform surgery and/or administer medical care upon the decedent, Elias Mendoza;

    (m)    being otherwise negligent under the circumstances; and thereby subjecting decedent, Elias Mendoza, to a substantially increased risk of harm;

    (n)    failing to properly provide decedent, Elias Mendoza, with dialysis;

    (o)    failing to properly monitor the condition of decedent, Elias Mendoza, to prevent him from developing hypoxia.

34. Due to the conduct or failure to act on the part of Defendant as aforesaid, Plaintiff's Decedent has left the following individual entitled to recovery for his death:
GLADYS MENDOZA

35. Said individual, by reason of the death of Plaintiff Decedent, have suffered fiduciary loss and other expenses of administration of the Estate.

36. The then surviving spouse has suffered the loss of Decedent's companionship, comfort, and society.

37. Plaintiff is entitled to recover, in addition to other damages, amounts for reasonable hospital, nursing, medical, and funeral expenses, and expenses of administration necessitated by reason of the conduct, omission to act, causing death.

38. Defendant's actions were willful, waton and reckless with disregard and indifference to decedent.

WHEREFORE, Plaintiff, Gladys Mendoza, personal representative of Elias Mendoza, demands judgment for damages against the defendant in amounts in excess of $75,000.00.

**COUNT III:   GLADYS MENDOZA, PERSONAL REPRESENTATIVE OF ELIAS MENDOZA VS. INSPIRA MEDICAL CENTER VINELAND, SOUTH JERSEY HEALTH CARE, INSPIRA HEALTH NETWORK, INC., THE HEART HOUSE AND KIDNEY AND HYPERTENTION SPECIALISTS, PC.**

39. Plaintiff herewith repeats all the allegations made in the previous paragraphs as though same were fully set forth herein at length.

40. Defendants, Inspira Medical Center Vineland, South Jersey Health Care, Inspira Health Network, Inc., the Heart House and Kidney and Hypertention Specialists, PC. by and through their agents, servants, workmen, and/orNA employees provided care and treatment of the Plaintiff, Gladys Mendoza, personal representative of Elias Mendoza.

41. At all times relevant hereto, the agents, servants, workmen and/or employees of Inspira Medical Center Vineland, South Jersey Health Care, Inspira Health Network, Inc., the Heart House and Kidney and Hypertention Specialists, PC. were acting in the scope of their employment of defendants, Inspira Medical Center Vineland, South Jersey Health Care, Inspira Health Network, Inc., the Heart House and Kidney and Hypertention Specialists, PC.

42. Defendants, Inspira Medical Center Vineland, South Jersey Health Care, Inspira Health Network, Inc., the Heart House and Kidney and Hypertention Specialists, PC. , are vicariously liable for the acts, commissions, or omissions of their agents, servants, workmen and/or employees. In the alternative, Inspira Medical Center Vineland, South Jersey Health Care, Inspira Health Network, Inc., the Heart House and Kidney and Hypertention Specialists, PC., are responsible for the negligent acts or omissions of their agents, servants, workmen and/or employees.

43. Defendants, Inspira Medical Center Vineland, South Jersey Health Care, Inspira Health Network, Inc., the Heart House and Kidney and Hypertention Specialists, PC., is liable to the acts aforesaid as a matter of corporate liability.

WHEREFORE, plaintiff, Gladys Mendoza, personal representative of Elias Mendoza, demands judgment for damages against the defendants in amounts in excess of $75,000.00.

        LAW OFFICES OF JAMES R. RADMORE, P.C.


        \s\James R. Radmore
        JAMES R. RADMORE, ESQUIRE
        Two Penn Center, Suite 520
        1500 JFK Boulevard
        Philadelphia, PA   19102
        215 568 9900
        Attorney for Plaintiff