```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```
_____

GLADYS MENDOZA, *personal
representative of* Elias Mendoza,

        Plaintiff,        Civil No. 16-1337 (NLH/KMW)

   v.

                                    OPINION

INSPIRA MEDICAL CENTER VINELAND,
et al.,

        Defendants.
_____


**APPEARANCES:**

LAW OFFICES OF JAMES R. RADMORE, P.C.
By:  James R. Radmore, Esq.
Two Penn Center, Suite 520
1500 JFK Boulevard
Philadelphia, Pennsylvania 19102
        *Counsel for Plaintiff*

GROSSMAN, HEAVEY & HALPIN, P.C.
By:  Elizabeth A. Wilson, Esq.
Brick Professional Complex
1608 Highway 88 West, Suite 200
Brick, New Jersey 08724
        *Counsel for Defendant Inspira Medical Centers, Inc.*

DRAKE LAW FIRM, P.C.
By:  Steven F. Drake, Esq.
29 North Shore Road
Absecon, New Jersey 08201
        *Counsel for Defendant's Naeem Amin, M.D. and Kidney*
        *and Hypertension Specialists, P.A.*

STAHL & DeLAURENTIS, P.C.
By:  David P. Brigham, Esq.
10 E. Clements Bridge Road
Runnemede, New Jersey 08078
        *Counsel for Defendants Andrew Zinn, M.D. and*
        *Cardiovascular Associates of Delaware Valley, P.A.*

**HILLMAN, District Judge**

This is a diversity medical malpractice suit.[1] Plaintiff asserts that her decedent, Elias Mendoza, was negligently treated by various doctors and medical providers. Presently before the Court are two motions for summary judgment; one filed by Defendants Dr. Amin and Kidney and Hypertension Specialists, P.A., and another filed by Defendant Inspira Medical Centers, Inc.[2] Both Motions assert that Plaintiff has failed to comply with the substantive requirements of New Jersey's Affidavit of Merit Statute, N.J.S.A. 2A:53A-41. For the reasons set forth below, both motions will be granted.

**I.**

The Amended Complaint alleges the following facts[3]:

> 9. On or about March 10, 2014, decedent-plaintiff presented himself to the Emergency Room at Inspira Medical Center Vineland for shortness of breath and was subsequently admitted into the Intensive Care Unit.

---

[1] The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

[2] Andrew Zinn, M.D. and Cardiovascular Associates of Delaware Valley, P.A. are the other Defendants to this suit. They have not filed any motion for summary judgment. The dispositive motion deadline has passed.

[3] While this case comes before the Court on motions for summary judgment, the motions do not directly implicate the substantive factual allegations of the suit, and the record evidence is sparse in this regard. The Court recites the allegations of the Amended Complaint to provide a general context for the motions.

2

>10. While plaintiff [sic] was a patient of the defendants, Inspira Medical Center Vineland, South Jersey Health Care and Inspira Health Network, Inc., decedent underwent a cardiology consultation performed by defendant, Andrew Zinn, M.D. and a nephrology consultation performed by defendant, Naeem M. Amin, M.D.
>
>11. Decedent was negligently treated, resulting in brain damage, inability to ambulate, as well as damage to his heart, so as to cause plaintiff [sic] to suffer severe and debilitating pain and to further suffer complications, injuries and conditions which have caused her [sic] a great deal of physical and emotional pain which ultimately resulted in his death on February 23, 2015.

(Amend. Compl. ¶¶ 9-11)

Plaintiff's case appears to be principally based on a note entered in the decedent's discharge summary (Pl's Ex. B), which states in relevant part, "HOSPITAL COURSE: Over the course of the patient's hospital stay, he tolerated BiPAP and required dialysis. Unfortunately he was unable to tolerate full treatments and continued to build up fluid.  The patient unfortunately had some difficulty receiving dialysis in our intensive care unit due to staffing limitations, which continued to exacerbate his continued difficulties with his fluid overload state."

Defendant Naeem Amin, M.D. is board certified in Internal Medicine with a subspecialty in nephrology. As to Dr. Amin and his practice group, Defendant Kidney and Hypertension Specialists, P.A., Plaintiff's theory of her case appears to be that Dr. Amin's "failure to properly monitor [the decedent], provide the necessary

3

dialysis on a timely basis and attend to [decedent's] hospital course" "resulted in damage to decedent's heart and ultimately to his death." (Opposition Brief, Docket #19, p. 5)

Similarly, Plaintiff asserts that Defendant Inspira Medical Centers' "[in]adequate staffing . . . prevented a patient in need of dialysis from receiving needed treatment [which] is a deviation from the standard of care." (Opposition Brief, Docket #20, p. 2)

Plaintiff has provided one Affidavit of Merit, executed by Bruce D. Charash, M.D. (Docket Entry #10)  His affidavit states, in relevant part, "I am a licensed, board certified Cardiologist and Internist, and my practice has been substantially devoted to this specialty for greater than five years." (Id. at ¶ 1)  Dr. Charash opines that all of the Defendants' "treatment" "fell outside acceptable professional standards and treatment practices." (Id. at ¶ 2)

## II.

Summary judgment is appropriate where the Court is satisfied that "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' . . . demonstrate the absence of a genuine issue of material fact" and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)(citing Fed. R. Civ. P. 56).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004)(citing Anderson, 477 U.S. at 255).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323 ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."); *see also Singletary v. Pa. Dept. of Corr.*, 266 F.3d 186, 192 n.2 (3d Cir. 2001) ("Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by 'showing' --

5

that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof.")(citing *Celotex*, 477 U.S. at 325).

Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. A "party opposing summary judgment 'may not rest upon the mere allegations or denials of the . . . pleading[s.]'" *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001). For "the non-moving party[ ] to prevail, [that party] must 'make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Cooper v. Sniezek*, 418 F. App'x 56, 58 (3d Cir. 2011)(citing *Celotex*, 477 U.S. at 322). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. *Anderson*, 477 U.S. at 257.

### III.

The Court first addresses Dr. Amin and Kidney and Hypertension Specialists' Motion, and then Inspira's Motion.

### A.

In *Nicholas v. Mynster*, the New Jersey Supreme Court held that New Jersey's Affidavit of Merit statute, N.J.S.A. 2A:53A-41, contained a "kind-for-kind specialty requirement"; that is, the expert who signs the affidavit of merit must practice in the same specialty area as the defendant physician. 213 N.J. 463, 482-84 (2013)("[O]nly a specialist can testify against a specialist about the treatment of a condition that falls within the specialty area."). The question presented here is a variation of the issue in *Nicholas*.

In this case, the proffered expert physician and the defendant are both board certified in Internal Medicine, however they have different subspecialties. Plaintiff's expert subspecializes in cardiology, whereas Defendant Dr. Amin subspecializes in nephrology. Thus, the issue is whether the "kind-for-kind" requirement of N.J.S.A. 2A:53A-41 also applies to subspecialties. The Court holds that it does.

The statute provides in relevant part,

> (a) If the party against whom . . . the testimony is offered is a specialist or subspecialist recognized by the American Board of Medical Specialties ["ABMS"] . . . and the care or treatment at issue involves that specialty or subspecialty . . . the person providing the testimony shall have specialized at the time of the occurrence that is the basis for the action in the same specialty or subspecialty . . . as the party against whom . . . the testimony is offered, and if the person against whom . . . the testimony is being offered is board certified and the care or treatment at issue involves that board specialty or subspecialty . . . the

7

>    expert witness shall be:
>
>        . . .
>
>        (2) a specialist or subspecialist recognized by the American Board of Medical Specialties or the American Osteopathic Association who is board certified in the same specialty or subspecialty, recognized by the American Board of Medical Specialties or the American Osteopathic Association . . . .

N.J.S.A. § 2A:53A-41(a)(2).

In *Nicholas*, the New Jersey Supreme Court interpreted this provision and held, "[u]nder a plain textual reading of the Act, plaintiffs cannot establish the standard of care through an expert who does not practice in the same medical specialties as defendant physicians." 213 N.J. at 468.  The Defendant physicians in *Nicholas* were board certified in emergency medicine and family medicine, whereas the plaintiff's expert physician was board certified in internal and preventive medicine. *Id.* at 467.  The Court concluded that because the plaintiff's expert was not "equivalently credentialed," *id.* at 485, and "practice[d] in different [] specialties," *id.* at 487, the statute barred the expert physician from testifying, therefore the Supreme Court directed the trial court to enter summary judgment in favor of the defendants.

Similarly in this case, Defendant Dr. Amin and Plaintiff's expert Dr. Charash are not equivalently credentialed, even though they both share the same general board certification in Internal Medicine.  As explained by the American Board of Medical

8

Specialties, "[t]o become certified in a particular subspecialty, a physician must be Board Certified by the American Board of Internal Medicine and complete additional training as specified by the Board." *ABMS Guide to Medical Specialties,* 28 (2017) *available at* http://www.abmssolutions.com/media/114634/guide-to-medicalspecialties_04_2016.pdf (hereinafter "ABMS Guide")

With respect to nephrology and cardiology, the additional training is different. A physician subspecializing in nephrology is "[a]n Internist (Nephrologist) who treats disorders of the kidney, high blood pressure, fluid and mineral balance, and dialysis of body wastes when the kidneys do not function." *ABMS Guide* at 30. A physician specializing in cardiology is "[a]n Internist who specializes in diseases of the heart and blood vessels and manages complex cardiac conditions, such as heart attacks and life-threatening abnormal heartbeat rhythms." *ABMS Guide* at 29.[4]

As explained by the New Jersey Supreme Court, the statute's kind-for-kind requirement was passed into law in 2004 to prevent "physician experts of different medical specialties, but who treated similar maladies, [from] offer[ing] testimony even though

---

[4] Internal Medicine has a total of 20 subspecialties. In addition to nephrology and cardiology, other subspecialties include endocrinology, gastroenterology, and pulmonology. *ABMS Guide* at 28-31.

9

not equivalently credentialed to defendant physicians." *Nicholas*, 213 N.J. at 485. Allowing a cardiologist to testify that delaying or denying the decedent's dialysis treatment departed from the standard of care expected of nephrologists would effectively undo the kind-for-kind requirement in contravention of the Affidavit of Merit statute and the New Jersey Supreme Court's interpretation of it.

The Appellate Division's decision in *Carr v. Our Lady of Lourdes Medical Center* lends further support to this Court's conclusion. 2015 N.J. Super. Unpub. LEXIS 1484 (App. Div. June 19, 2015)(per curiam). In that case, the defendant physicians were only board certified in internal medicine, whereas the plaintiff's expert physician was "more specialized." *Id.* at \*16. Plaintiff's expert was board certified in internal medicine but subspecialized in medical oncology and was board eligible in hematology. *Id.* at \*7.

The Appellate Division held that the expert was not "'equivalently credentialed'" as required by the Affidavit of Merit statute. 2015 N.J. Super. Unpub. LEXIS 1484 at \*19. The Court explained,

> [w]e reject plaintiff's contention that [the equivalently credentialed] requirement may be satisfied by practice in a subspecialty falling within the penumbra of internal medicine. By definition, a physician who is board certified in hematology or oncology has received additional training in the

10

>     subspecialty. It would undermine the policy underlying
>     the kind-for-kind rule for a physician with such
>     specialized training to opine regarding the standard of
>     care applicable to a physician practicing in the more
>     generalized specialty.

*Id.* at *21 (citing *Nicholas*).

The Court holds that Dr. Charash is not equivalently credentialed with Dr. Amin, therefore Plaintiff may not rely on Dr. Charash's testimony to establish Dr. Amin and Kidney and Hypertension Specialists' asserted deviation from the standard of care. Plaintiff does not dispute that absent Dr. Charash's testimony, summary judgment must be granted to Dr. Amin and Kidney and Hypertension Specialists.[5] Accordingly, the Motion for Summary Judgment will be granted.

**B.**

The issue raised by Inspira's Motion for Summary Judgment is whether the common knowledge exception to the Affidavit of Merit requirement applies to Plaintiff's claim against Inspira. As stated above, Plaintiff contends that Inspira was negligent in failing to adequately staff its medical center. According to Plaintiff, such failure is "within the 'common knowledge' of the jury and therefore expert testimony and an affidavit of merit is

---

[5] In any event, in his opposition brief, counsel for Plaintiff states that "Plaintiff does not object to the Motion being granted in favor of Defendant Dr. Amin." (Opposition Brief, Docket #19, p. 2)

unnecessary." (Opposition Brief, Docket #20, p. 2) This argument fails.

The Court begins with the premise that the common knowledge exception to the Affidavit of Merit requirement is exactly that -- an exception to a statutory requirement enacted by the Legislature. Thus, the New Jersey Supreme Court has instructed, the exception should be construed narrowly. *Hubbard v. Reed*, 168 N.J. 387, 397 (2001)("Although we hold today that there is a common knowledge exception to the Affidavit of Merit Statute, we construe that exception narrowly in order to avoid non-compliance with the statute."). The exception applies only in cases of obvious error. *See Palanque v. Lambert-Woolley*, 168 N.J. 398, 406 (2001)("In a common knowledge case, whether a plaintiff's claim meets the threshold of merit can be determined on the face of the complaint. Because defendant's careless acts are quite obvious, a plaintiff need not present expert testimony at trial to establish the standard of care."). Moreover, Plaintiff has the burden of demonstrating that the common knowledge exception applies. *Nuveen Mun. Trust v. Withumsmith Brown, P.C.*, 692 F.3d 283, 291 (3d Cir. 2012).

Plaintiff has not adequately demonstrated the obviousness of Inspira's asserted negligence. Plaintiff's claim is based on vague assertions that Inspira's intensive care unit -- a unit which, by

12

definition, only treats patients who need intensive attention from medical professionals -- was "inadequately" staffed, without explaining how that staffing was inadequate.  It is not within a lay person's knowledge as to what an adequately staffed intensive care unit looks like.  As Inspira observes, decisions concerning staffing involve specialized knowledge as to "average, expected, and actual patient census" and "patient-to-caregiver ratios" at any given time and the "necessary qualifications" of the staff. (Reply Brief, p. 2)  Such issues require explanation by an expert.

　　　　Plaintiff argues that "[a]nyone of average intelligence and ordinary experience would know that the failure, because of staffing limitations, to give essential treatment to and individual in intensive care is a deviation from the standard of care." (Opposition Brief, Docket #20)  This argument mischaracterizes the record evidence.  Even reading the discharge note in the light most favorable to Plaintiff, the note does not support an inference that Inspira entirely failed to give the decedent dialysis, nor does the note support any conclusion that the allegedly omitted treatment was "essential."  The discharge note specifically states that during the decedent's hospital stay, which lasted from March 11, 2014 to March 27, 2014, the decedent "did well with repeated dialysis treatments," "continued [to receive] aggressive dialysis," and later "continued to improve with continued Monday, Wednesday

13

and Friday dialysis after initial multiple treatment." (Pl's Ex. B)

The Court holds that the common knowledge exception to the Affidavit of Merit requirement does not apply. Plaintiff has submitted no Affidavit of Merit pertaining to Inspira's asserted medical negligence. Accordingly, Inspira's Motion for Summary Judgment will be granted.

## IV.

For the reasons stated above, Defendants' Motions for Summary Judgment will be granted.[6] An appropriate order accompanies this

---

[6] All three sets of Defendants have asserted crossclaims for indemnification and contribution against each other. They all take the position that pursuant to *Burt v. West Jersey Health Sys.*, 339 N.J. Super. 296 (App. Div. 2001) their co-defendants' asserted negligence should be an issue determined by the jury, not so that Plaintiff may recover from the defendants whose summary judgment motions have been granted, but so that the jury may apportion the appropriate liability (if any) to the remaining Defendants Andrew Zinn, M.D. and Cardiovascular Associates of Delaware Valley, P.A. *See generally Town of Kearny v. Brandt,* 214 N.J. 76, 103 (2013)("a claimant's failure to conform to a statutory requirement for asserting claims against a given defendant does not necessarily bar apportionment of that defendant's fault at trial.")(discussing *Burt* with approval).

The Defendants seem to disagree, however, as to the precise procedural implications of *Burt* for this case. Dr. Zinn, Cardiovascular Associates, and Inspira take the position that their cross-claims should remain in this suit, whereas Dr. Amin and Kidney and Hypertension Specialists assert that the cross-claims should be dismissed with prejudice but the Court may order that Dr. Zinn and Cardiovascular Associates, the only remaining Defendants, "shall be permitted to seek a credit against any judgment in proportion to the percentage of fault proven to be attributable to [the] dismissed [Defendants]." (Proposed Order, Docket #23) Dismissing the cross-claims and allowing Dr. Zinn and Cardiovascular Associates to seek a credit, if necessary, appears to be the more appropriate disposition. *See Brandt,* 214 N.J. at 100

opinion.

Dated: March 30, 2017                    __s/ Noel L. Hillman____
At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.

---

("when a defendant ceases to participate in the case by virtue of a settlement, a non-settling defendant . . . may obtain an allocation of fault to the settling defendant.  The settling defendant does not pay any portion of the judgment; any percentage of fault allocated to the settling defendant operates as a credit to the benefit of the defendants who remain in the case.")(internal citations omitted); *Gatesy v. Perotte*, 2016 N.J. Super. Unpub. LEXIS 762 (App. Div. Apr. 7, 2016)("In *Young*, our Supreme Court determined that a defendant may assert the liability of a settling defendant and seek a credit against a judgment in every case, whether or not a cross-claim for contribution has been filed.").

15