```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| GLADYS MENDOZA, personal representative of ELIAS MENDOZA, | No. 1:16-cv-1337 (NLH/KMW) |
| | **OPINION** |
| Plaintiff, | |
| v. | |
| INSPIRA MEDICAL CENTER VINELAND, et al., | |
| Defendants.[1] | |

**APPEARANCES**:

JAMES R. RADMORE
LAW OFFICES OF JAMES R. RADMORE, P.C.
TWO PENN CENTER PLAZA, SUITE 520
1500 JFK BOULEVARD
PHILADELPHIA, PA 19102
    On behalf of Plaintiff

ELIZABETH A. WILSON
GROSSMAN, HEAVEY & HALPIN, P.C.
BRICK PROFESSIONAL COMPLEX
1608 HIGHWAY 88 WEST, SUITE 200
BRICK, NEW JERSEY 08724
    On behalf of Defendant Inspira Medical Centers, Inc.

STEVEN F. DRAKE
DRAKE LAW FIRM, P.C.
29 NORTH SHORE ROAD
ABSECON, NEW JERSEY 08201
    On behalf of Defendants Naeem Amin, M.D. and Kidney and
    Hypertension Specialists, P.A.

---

[1] Defendant Inspira Medical Centers, Inc. ("Inspira") states it was improperly pleaded as "Inspira Medical Center Vineland, South Jersey Health Care, and Inspira Health Network, Inc."

**HILLMAN**, District Judge

This is a medical malpractice action in which Plaintiff asserts Decedent Elias Mendoza was negligently treated by various physicians and medical providers. On March 30, 2017, this Court granted summary judgment in favor of Defendants Naeem Amin, M.D., Kidney and Hypertension Specialists, P.A., and Inspira. Plaintiff argues for reconsideration of both motions. For the reasons that follow, this Court will deny Plaintiff's Motion for Reconsideration.

## I.

The Court takes its facts from its March 30, 2017 Opinion granting summary judgment in favor of Defendants Dr. Amin, Kidney and Hypertension Specialists, and Inspira. On March 10, 2014, Decedent arrived in the Emergency Room of Inspira Medical Center, complaining of shortness of breath. Decedent was admitted into the Intensive Care Unit. While at Inspira, Decedent underwent a cardiology consultation performed by Defendant Andrew Zinn, M.D.[2] and a nephrology consultation performed by Defendant Dr. Amin. Dr. Amin is board certified in Internal Medicine with a subspecialty in nephrology. Plaintiff's case largely rests on the following note entered in

---

[2] Dr. Zinn did not move for summary judgment with the other defendants and is not subject to this Motion for Reconsideration.

2

Decedent's Discharge Summary:

> HOSPITAL COURSE: Over the course of the patient's hospital stay, he tolerated BiPAP and required dialysis. Unfortunately he was unable to tolerate full treatments and continued to build up fluid. The patient unfortunately had some difficulty receiving dialysis in our intensive care unit due to staffing limitations, which continued to exacerbate his continued difficulties with his fluid overload state.

Plaintiff claims Decedent was negligently treated, which resulted in brain and heart damage, eventually leading to Decedent's death on February 23, 2015. As to Dr. Amin and Defendant Kidney and Hypertension Specialists, the theory of Plaintiff's case appears to be that Dr. Amin's "failure to properly monitor" Decedent and "provide the necessary dialysis on a timely basis" resulted in Decedent's death. As to Inspira, Plaintiff's theory appears to be that inadequate staffing resulted in Decedent not timely receiving dialysis, which constituted a deviation from the standard of care.

Plaintiff provided an Affidavit of Merit from Bruce D. Charash, M.D. The Affidavit of Merit stated Dr. Charash is "a licensed, board certified Cardiologist and Internist" and that his practice "has been substantially devoted to this specialty for greater than five years." In the Affidavit of Merit, Dr. Charash opined all Defendants' treatment "fell outside acceptable professional standards and treatment practices."

The Court determined summary judgment was appropriate as to

Dr. Amin, Kidney and Hypertension Specialists, and Inspira. The Court summarizes its March 30, 2017 decision as follows. The Court found Dr. Charash had a subspecialty in cardiology, whereas Dr. Amin had a subspecialty in nephrology. The Court held that the "kind-for-kind" requirement of N.J.S.A. 2A:53A-41 is equally applicable to subspecialties. Accordingly, the Court determined that, since Dr. Amin and Dr. Charash were not equally credentialed, Plaintiff could not rely on Dr. Charash to establish Dr. Amin and Kidney and Hypertension Specialists' alleged deviation from the standard of care.

As to Plaintiff's claim against Inspira, the Court determined the "common knowledge" exception to the Affidavit of Merit requirement did not apply. The Court found "[i]t is not within a lay person's knowledge as to what an adequately staffed intensive care unit looks like" and that "decisions concerning staffing involve specialized knowledge."

Plaintiff filed a Motion for Reconsideration on April 13, 2017.

## II.

A motion for reconsideration may be treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b), or it may be filed pursuant to Local Civil Rule 7.1(i). The purpose of a motion

4

for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court rendered its decision; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Id.

A motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached. P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 3d 349, 352 (D.N.J. 2001). Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp. Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

### III.

Plaintiff argues the Court erred in not holding a Ferreira conference. In Ferreira v. Rancocas Orthopedic Associates, 836 A.2d 779 (N.J. 2003), the Supreme Court held:

> To ensure that discovery related issues, such as

5

> compliance with the Affidavit of Merit statute, do not become sideshows to the primary purpose of the civil justice system – to shepherd legitimate claims expeditiously to trial – we propose that an accelerated case management conference be held within ninety days of the service of an answer in all malpractice actions. Our rules already provide for case management conferences in civil cases. Expediting the schedule in malpractice cases will further the intent of our Best Practice rules: to resolve potential discovery problems before they become grist for dueling motions. At the conference, the court will address all discovery issues, including whether an affidavit of merit has been served on defendant. If an affidavit has been served, defendant will be required to advise the court whether he has any objections to the adequacy of the affidavit. If there is any deficiency in the affidavit, plaintiff will have to the end of the 120-day time period to conform the affidavit to the statutory requirements. If no affidavit has been served, the court will remind the parties of their obligations under the statute and case law.

Id. at 785 (citation omitted). In Buck v. Henry, 25 A.3d 240 (N.J. 2011), the New Jersey Supreme Court referred to the Ferreira conference as a "require[ment]," adding that "the complexity of the amended statutes governing affidavits of merit in medical malpractice cases – a statute enacted since Ferreira" makes the Ferreira conference "even more vital today." Id. at 250.

The Court finds Plaintiff's argument unconvincing for several reasons. First, as far as the Court can tell, Plaintiff did not advance such an argument in her opposition briefs to the underlying summary judgment motions. "A motion for reconsideration may not be used to . . . argue new matters that

6

could have been raised before the original decision was reached." P. Schoenfeld Asset Mgmt., L.L.C., 161 F. Supp. 3d at 352. Plaintiff is not citing new law, and there was nothing preventing Plaintiff from advancing this argument before.

In any event, the Third Circuit has held that a Ferreira conference is not required to be held by a federal district court. In Nuveen Municipal Trust v. Withumsmith Brown, P.C., 692 F.3d 283 (3d Cir. 2012), the Third Circuit conducted an Erie analysis to determine whether a district court must afford a plaintiff a "protection[] the New Jersey Supreme Court has established to cut back the severe consequences of the failure to file a timely affidavit of merit – the accelerated case management conference." Id. at 304. The Third Circuit determined that "[t]he timing of a conference that will not affect the outcome of a proceeding is unlikely to promote forum shopping and will not result in inequitable administration of the Statute." Id. at 305. Further, the Court found "a defendant has no incentive to remove a case from state to federal court solely to prevent the accelerated conference from being held because the plaintiff already will have been reminded of the affidavit requirement when it filed the Civil Case Information Sheet along with its complaint." Id.

Thus, the Third Circuit found this procedural requirement in New Jersey courts does not "further[] the 'twin aims' of

7

discouraging forum shopping and preventing the inequitable administration of state laws." Id. As the protections are procedural, a district court is "not required . . . to hold an accelerated conference." Id.; accord Vitale v. Carrier Clinic, Inc., 409 F. App'x 532, 534-35 (3d Cir. 2010) (holding that, while "New Jersey's Affidavit of Merit must be applied by federal courts sitting in diversity," the plaintiffs "offer[ed] no authority for the contention that a federal district court sitting in diversity is required to follow case management procedures imposed on New Jersey trial courts by the New Jersey Supreme Court"); Szemple v. Univ of Med. & Dentistry of N.J., 162 F. Supp. 3d 423, 430 (D.N.J. 2016) ("Those state-law procedural safeguards do not apply in federal court."); N.H. Ins. Co. v. Diller, 678 F. Supp. 2d 288, 311 (D.N.J. 2009) ("In spite of this directive to New Jersey state courts, Diller does not present any case law to support his contention that case management conferences, which are procedural in nature, must be utilized in federal court however beneficial.").

Further, even "assuming arguendo that the district court should have held a Ferreira conference, the failure to hold such a conference does not provide [plaintiffs] with any relief." Vitale, 409 F. App'x at 535. This is because the New Jersey Supreme Court has held the failure to hold a Ferreira conference has no effect "on the time limits prescribed in the statute."

8

Paragon Contractors, Inc. v. Peachtree Condo. Ass'n, 997 A.2d 982, 987 (N.J. 2010). The New Jersey Supreme Court has held that its "creation of a tickler system to remind attorneys and their clients about critical filing dates plainly cannot trump the statute. In other words, the absence of a Ferreira conference cannot toll the legislatively prescribed time frames." Id. The Supreme Court instructed that "lawyers and litigants should understand that, going forward, reliance on the scheduling of a Ferreira conference to avoid the strictures of the Affidavit of Merit statute is entirely unwarranted and will not serve to toll the statutory time frames." Id. at 988.

Further, it is not clear to this Court that such a conference was not in fact held or otherwise waived by Plaintiff. On May 19, 2016,[3] an initial conference was held before Magistrate Judge Karen M. Williams. In a May 23, 2016 letter to counsel for Dr. Amin and Kidney and Hypertension Specialists, Plaintiff's counsel acknowledged this conference, acknowledged a due date of July 28, 2016 for an Affidavit of Merit from a nephrologist, and stated that Plaintiff "will waive the necessity of [a Ferreira] hearing."[4]

---

[3] This conference was held well within the ninety days required by Ferreira.

[4] In a letter from counsel for Inspira to Plaintiff's counsel, Inspira's counsel also acknowledged the initial

9

Plaintiff also argues this Court "ignored" relevant New Jersey Supreme Court precedent, namely Meehan v. Antonellis, 141 A.3d 1162 (N.J. 2016). This case was not "ignored" by this Court and moreover does not warrant reconsideration of the Court's summary judgment decisions. Rather, Meehan is a dental malpractice case which highlights the heightened standards imposed in medical malpractice cases. The plaintiff in Meehan sought treatment from an orthodontist for sleep apnea. Id. at 1164. The Affidavit of Merit in Meehan was prepared by a dentist who specialized in prosthodontics and who had over twenty years of experience in treating sleep apnea. Id. at 1167. The Supreme Court determined that "[a] variety of professionals can treat sleep apnea, including various types of dentists and physicians." Id. at 1176. The Court found "[a] prosthodontist, therefore, is capable of having the 'particular expertise' necessary to prepare an affidavit of merit in support of a claim regarding negligent dental treatment for sleep apnea," even where the treating dentist was an orthodontist. Id. The New Jersey Supreme Court found the Affidavit of Merit thus "satisfied the requirements of section 27." Id.

The New Jersey Supreme Court determined "that the enhanced

---

conference, the issues with Dr. Charash's Affidavit of Merit, and a demand for another Affidavit of Merit by July 24, 2016.

10

credential requirements established under section 41 for those submitting affidavits of merit and expert testimony apply only to physicians in medical malpractice actions." Id. at 1173. The Court found in cases other than medical malpractice, "section 27 requires no more than that the person submitting an affidavit of merit be licensed in this state or another and have 'particular expertise in the general area or specialty involved in the action.'" Id. at 1175 (quoting N.J.S.A. 2A:53A-27). "Such particular expertise is 'evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years.'" Id. (quoting N.J.S.A. 2A:53A-27).[5] The requirement of "particular expertise in the general area or specialty involved in the action" is a much more lenient standard than the equivalency requirement for medical malpractice cases.

---

[5] N.J.S.A. 2A:53A-27 provides:

> In the case of an action for medical malpractice, the person executing the affidavit shall meet the requirements of a person who provides expert testimony or executes an affidavit as set forth in [N.J.S.A. 2A:53A-41]. In all other cases, the person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years.

11

Finally, as to Inspira, Plaintiff argues the Court's conclusion on the common knowledge exception ignored that it was undisputed that the facility was short staffed.[6] Plaintiff's argument that "a lay person understands the serious effect of a hospital being understaffed" is a reargument to this Court. This clearly registers mere disagreement with this Court's initial decision, which is not an appropriate reason to pursue reconsideration. Schiano v. MBNA Corp., No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 27, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, and should be dealt with through the normal appellate process." (citations omitted) (first citing Compaction Sys. Corp., 88 F. Supp. 2d at 345; and then citing S.C. ex rel. C.C., 248 F. Supp. 2d at 381)).

"A motion for reconsideration is improper when it is used 'to ask the Court to rethink what it had already thought through – rightly or wrongly.'" Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990) (quoting Above the Belt v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). "Each step of the litigation should build

---

[6] The Court recognized when it issued its March 30, 2017 Opinion, and the Court recognizes now, that it is undisputed that Decedent's discharge summary states there were "staffing limitations." What this vague reference to the status of the staff at that particular time means is not undisputed, however.

12

upon the last and, in the absence of newly discovered, non-cumulative evidence, the parties should not be permitted to reargue previous rulings made in the case." Id. (citing Johnson v. Township of Bensalem, 609 F. Supp. 1340, 1342 n.1 (E.D. Pa. 1985)).  Plaintiff's position amounts to a reargument of her opposition to the underlying motion.  Accordingly, Plaintiff's motion for reconsideration will be denied.

    An appropriate Order will be entered.


Date: November 13, 2017       s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.